IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>    George H. Fallon Federal Building<br>    31 Hopkins Plaza, Suite 1432<br>    Baltimore, MD 21201<br><br>**Plaintiff,**<br><br>v.<br><br>**Gas Field Specialists, Inc.,**<br>    2107 SR 44 S<br>    Shinglehouse, PA 16748<br><br>**Defendant.** | Civil Action No.<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Marlin Houghtaling ("Houghtaling"), who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the

"Commission") alleges that Defendant Gas Field Specialists, Inc. ("Defendant") unlawfully discriminated against Houghtaling by laying off and then terminating him based on his disability (ureteral, bladder, and kidney cancer) and his record of this disability; or because Defendant regarded him as having this disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §

12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business and operating within the State of Pennsylvania with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Houghtaling filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.

8. On or around April 2, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of

conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On or around July 8, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

13. Defendant engaged in unlawful employment practices in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) in or around May 2020 when it laid off and later terminated Houghtaling because of his disability.

    a. At all relevant times, Houghtaling was an individual with an actual disability as defined by the ADA.

    b. At all relevant times, Houghtaling was an individual with a history of a disability as defined by the ADA.

c. At all relevant times, Houghtaling was an individual regarded by Defendant as having a disability as defined by the ADA.

d. Beginning in 2017 and until his termination by Defendant, Houghtaling had ureteral cancer that eventually spread to his bladder and kidney.

e. At all relevant times, Houghtaling made Defendant aware of his disability including by direct disclosure to his first-line supervisor and to Defendant's owner and Houghtaling's ultimate supervisor, Rod West; and through requests for time off to Houghtaling's first-line supervisor, to West, and/or to Defendant's human resources staff for Defendant's surgery, medical leave, short-term disability, outpatient procedures, and other medical visits.

f. During this time, Houghtaling was substantially limited in the major life activities of bodily waste elimination, in the major bodily functions of normal cell growth, and in the normal operation of his bladder, kidney, and urinary tract. For periods during this time, as a result of surgery and other treatment requiring recuperation on Family and Medical Leave and/or short-term disability, Houghtaling was also substantially limited in the major life activities of standing, eating, and sleeping as well as urinating.

g. Houghtaling was employed by Defendant since 2005 as a laborer performing a variety of oil rig crew job functions both in and outside of his job

description, and since 2017 as a mechanic or mechanic's helper in a maintenance shop repairing equipment and preparing equipment for inspection.

h.	Houghtaling had extensive successful performance as a laborer, drilling rig worker, mechanic, and mechanic's helper and was qualified to perform the essential functions of these positions for Defendant as defined by the ADA.

i.	At the time of his layoff and termination, Houghtaling was satisfactorily performing the duties of a rig hand and a mechanic in Defendant's maintenance shop without restrictions beyond needing occasional time of for medical visits.

j.	On or about March 23, 2020, West put Charging Party on involuntary layoff. West told him it was because he had a history of cancer and West didn't want him to get COVID-19 and get sick. Though Charging Party told West not worry about it, West said to him that "we have to lay anybody off with health issues."

k.	In May 2020, Charging Party received notice that his insurances were being cancelled. In the course of following up on this, he learned he was being terminated. The termination became effective on or about May 22, 2020, at the direction of West.

l.	At no time prior or during the layoff did Defendant discuss with Charging Party the possibility of reassignment to one of several other positions Houghtaling had performed for Defendant in the past.

m.  During 2020, Defendant recalled and/or rehired other employees whom it had laid off and/or terminated in positions that Houghtaling could have performed, but never recalled Houghtaling.

14. The effect of the practices complained of above in Paragraph 13 has been to deprive Houghtaling, who was at all times a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in expenses incurred due to lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Houghtaling.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C.    Order Defendant to make whole Houghtaling by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement; and consequential damages.

D.    Order Defendant to make Houghtaling whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 above;

E.    Order Defendant to make Houghtaling whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.    Order Defendant to pay Houghtaling punitive damages for its callous indifference to his federally protected right to be free from discrimination based on disability;

G.     Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

H.     Grant such further relief as the Court deems necessary and proper in the public interest; and

I.     Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN REAMS
Acting General Counsel

/S
_____
DEBRA M. LAWRENCE
Regional Attorney

/S
_____
DAVID J. STAUDT
Trial Attorney
(Pa. Bar ID 84236)

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6693 (telephone)
david.staudt@eeoc.gov