UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) ) | No. 4:21-CV-1615 |
| ) ) | CHRISTOPHER C. CONNER, |
| GAS FIELD SPECIALISTS, INC. ) ) ) | U.S.D.J. |
| Defendant. ) ) | |

**CONSENT DECREE**

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Gas Field Specialists, Inc. ("Defendant" or "GFS"), alleging that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., as amended ("ADA") by laying off, discharging, and/or failing to recall employee Marlin R. Houghtaling ("Houghtaling"), due to his disability, or history of having a disability, and/or due to Defendant regarding him as having a disability.

The parties desire to resolve this action without the time and expense of continued litigation, and have agreed to resolve all claims in this action upon the terms set forth below, effective upon the date on which the Court files of record its

approval of this Consent Decree.

## DEFINITIONS

(1) The following definitions shall apply to this Consent Decree:

    a. **"Covered Locations"**—all current and future places of business of the Defendant during the effective period of this Consent Decree.

    b. **"Supervisor"** as used in small case "supervisor," shall mean employees with the word "Foreman," "Supervisor" (e.g. Shop Supervisor, Construction Supervisor), Superintendent, Manager, or Director (e.g., "Quality Director") in their job titles. By accepting this definition for purposes of this Consent Decree, Defendant makes no admission that any of these positions are supervisors for purposes of imputing liability.

## JURISDICTION

(2) The Court has jurisdiction of the subject matter of this action and of the parties.

(3) The Court has examined this Consent Decree and finds that its terms are adequate, fair, reasonable, equitable, and just. The rights of EEOC, the Defendant, Marlin R. Houghtaling, and the public interest are adequately protected by this Consent Decree.

(4) This Consent Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The

entry of this Consent Decree will further the objectives of the ADA and will be in the best interest of the parties, the claimants, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## SCOPE OF CONSENT DECREE

(5) This Consent Decree is not an adjudication or finding on the merits of the claims in the Complaint or this action and that GFS is not admitting any violation of the ADA or any other statute administered by the EEOC.

(6) This Consent Decree fully and finally resolves all issues and claims in the Complaint filed by the Commission in this ADA action, which emanated from the Charge of Discrimination filed by Marlin R. Houghtaling. This Consent Decree in no way affects the Commission's right to process any other pending or future charges that have been filed or may be filed against Defendant by any other alleged victims of discrimination and to commence civil actions on any such charges as the Commission sees fit.

(7) The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. In the event that there is a transfer of ownership of Defendant during the Term of the Decree, Defendant shall provide prior written notice to any potential purchaser of Defendant's business of the existence and contents of this Consent Decree, if as part

of said transaction its employees will become employed by the purchaser.

(8)  This Consent Decree will become effective on the date of approval by the Court (hereafter "the Effective Date") and will remain in effect until its expiration date, which will be three years after the Effective Date.  Certain record preservation requirements shall extend beyond the expiration of this Consent Decree for periods specifically stated in this Consent Decree.

(9)  This civil action, filed and pending at Docket No. 4:21-CV-1615 in the United States District Court for the Middle District of Pennsylvania, shall be dismissed, with prejudice, upon the Court filing of record its approval of this Consent Order, subject to the Court retaining jurisdiction for the sole purpose of enforcing the terms of the Consent Decree.

## **MONETARY RELIEF**

(10)  The total amount of $184,000.00 shall be paid by or on behalf of Defendant for the purpose of resolving all claims that were made against Defendant in this civil action, of which $174,000.00 shall constitute backpay and $10,000.00 shall constitute compensatory damages.

(11)  Within thirty (30) calendar days of the Effective Date, Defendant or its representative shall deliver directly to Marlin R. Houghtaling: (i) a check for backpay in the amount of $174,000.00 minus such mandatory employee's share of payroll taxes as would be deducted in the normal course if Marlin R. Houghtaling were

receiving this sum as employee pay, as well as a pay stub showing those deductions; and (ii) a second check in the amount of $10,000.00 designated as compensatory damages; Defendant also shall deliver directly to Marlin R. Houghtaling an IRS form W-2 accounting for the sum designated as backpay and deductions and an IRS Form 1099 stating the compensatory damages amount for the 2022 tax year on the same time schedule as Defendant does for other employees.

(12)   Within seven (7) calendar days of delivery of the aforesaid amounts and documents, Defendant or its representative shall notify the EEOC in writing and/or by email, indicating the date that the payment was made and providing copies of the aforesaid checks and pay stub.

(13)   Defendant's employer share of all applicable payroll taxes (e.g., FICA) for the backpay amount shall be paid for by Defendant. Defendant shall not offset their obligations under FICA or any other applicable payroll tax laws or regulations using Marlin R. Houghtaling's monetary award.

(14)   In the event that Marlin R. Houghtaling is deceased prior to delivery of the aforesaid monetary amounts, Defendant or its representative will deliver the aforesaid checks and IRS documents to his widow, Cathy Houghtaling, or to such Executor of Marlin R. Houghtaling's Estate as the law may appoint.

## INJUNCTIVE RELIEF

(15)   Defendant, its officers, agents, employees, successors, assigns, and all

persons acting in concert with them are enjoined from engaging in any employment practice in violation of the ADA that discriminates against employees on the basis of actual or perceived disability or history of having a disability, or of being associated with a person with a disability within the meaning of the ADA. The prohibited discrimination includes, but is not limited to, subjecting employees to disparate terms and conditions of employment and/or a hostile work environment, layoff, or actual and/or constructive discharge, based on a real or perceived disability or history of disability, or because the employee has a health condition that could expose the employee to a higher risk of health complications were that employee to contract COVID-19; or failure to provide a reasonable workplace accommodation for a disability.

(16)   Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with them are enjoined from engaging in any form of retaliation against any person because such person has testified or participated in any manner in Defendant's internal investigation or EEOC's investigation concerning Marlin R. Houghtaling's allegations of discrimination; or against anyone who asserts any rights under this Consent Decree, or benefits from the relief provided by this Consent Decree. Such discrimination violates the ADA, which, in part, is set forth, in relevant part, below:

   (a) Retaliation

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> (b) Interference, coercion, or intimidation
>
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42 U.S.C. § 12203.

(17)   The injunctions will survive the life of the Consent Decree.

(18)   **References.**   If a prospective employer or creditor of Marlin R. Houghtaling inquires of the Defendant as to Houghtaling's employment at the Defendant, Defendant shall provide to the inquirer the following and only the following: Houghtaling's dates of employment; the full-time positions he held and his duties; his salary; that he was never on probation or last-chance warning during the course of his employment with GFS; and that he separated from GFS on good terms and not due to misconduct, negligence, lack of skill or application, or under threat of discipline or discharge.  Defendant will not state or imply that the information it provides is provided to comply with a settlement of claims or to comply with this Consent Decree or is provided as a result of litigation. All requests for references from prospective employers or creditors to the Company shall be

handled by Human Resources. The foregoing notwithstanding, nothing in this paragraph shall prohibit individual employees of Defendant from offering unrestricted individual personal or professional job references on behalf of Houghtaling to the extent they see fit, if, and only if, Houghtaling directly requests it of those individuals specifically and they voluntarily agree to provide it. This paragraph shall survive the life of this Consent Decree.

## TRAINING

(19) Within one-hundred eighty (180) calendar days of the date of entry of this Decree, the owner or officer who serves as Defendant's in-house head of HR shall complete either a pre-scheduled or a customized training seminar or conference on the ADA that includes, among other subjects, discussion of the definition of "disability" and personnel actions that would constitute adverse action or disparate treatment taken on the basis of a disability, the difference between FMLA and medical leave under the ADA, and COVID-19 and the ADA. The training shall be of no less than four hours' duration and be conducted by one of the following organizations:

      (i)     Equal Employment Opportunity Commission

      (ii)    Pennsylvania Human Relations Commission,

      (iii)   Society for Human Resource Management,

      (iv)    Mid-Atlantic ADA Center or Northeast ADA Center,

      (v)    Transcen, Inc.,

      (vi)    Job Accommodations Network,

      (vii)    National Employment Lawyers Association or one of NELA's regional affiliates, or

      (viii)    if none of the foregoing can provide such training within the time required, another government or non-profit entity with prior approval of EEOC, after submission to EEOC of the entity's proposed agenda.

Scheduling, cost of this training, and obtaining pre-approval, if required, will be the Defendant's responsibility. Records of attendance and all training materials received during this training shall be preserved for the duration of this Consent Decree plus two years.

(20)    If the owner or officer who serves as Defendant's in-house head of HR is replaced during the term of this Consent Decree, replacements shall complete the training described in Paragraph (19) within one hundred-eighty (180) calendar days of commencing employment for GFS.

(21)    Training described by Paragraph (19) or (20) shall be completed again every two years thereafter during the duration of this Consent Decree.

(22)    Within one-hundred twenty (120) calendar days from the Effective Date, and every year thereafter for the duration of this Consent Decree, Defendant

shall provide to all employees at the level of supervisor and above, including the owners, at least an hour of training on the ADA.

    (i)    This training shall be paid for by Defendant and be presented live in-person and/or via live videoconferencing or virtual platforms such as Teams or Zoom.  All attendees shall be required to complete a quiz containing no less than fifteen (15) multiple choice questions, drafted by the trainer.  A copy of the questions and answer key shall be provided to EEOC.  The pass rate shall be set at ninety percent (90%) or better.  Employees whose scores fall below 90% shall be required to retake the quiz until a passing score is attained.

    (ii)    A complete attendance roster of all employees who have received any training required by this section and all employees who have passed the quiz shall be created by Defendant at the time of the training and/or quiz and maintained for the duration of this Consent Decree plus two years.

## LAYOFF AND RECALL DOCUMENTATION

(23)  During the duration of this Consent Decree, if after a layoff, Defendant will be recalling some positions, but not others, Defendant will document the business reasons why only those positions are being recalled. If Defendant recalls some employees in a certain position, but not everyone in that position, Defendant

will contemporaneously document the objective, job-related criteria Defendant used to decide which employees to bring back. If Defendant terminates a laid off employee due to lack of work, Defendant will contemporaneously document the reasons that led it to conclude there will not be sufficient work within a reasonable time. Documentation will consist of not less than 50 words, shall name all persons providing the substance of the documentation, and will be maintained by Defendant for the duration of the Consent Decree plus two years.

## NOTICE POSTING

(24)   Within ten (10) calendar days after the Effective Date, Defendant shall post the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted, if such posters are not currently posted there.

(25)   Within ten (10) calendar days after the Effective Date, Defendant shall fill in, sign, and post the Notice set forth as Attachment A to this Consent Decree at each of its workplaces at an employee bulletin board or other spaces line employees frequent. The Notice shall be posted and maintained for the duration of the Consent Decree and shall be signed by an owner of Defendant with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified. Within thirty (30) calendar days of the

Effective Date, Defendant shall forward to the EEOC's Baltimore District Office, a copy of the signed Notice and written certification that the Notice referenced herein has been posted and a statement of the location(s) and date of posting.

## **RECORDKEEPING**

(26)   During the duration of this Consent Decree, Defendant shall create records of completion of the training required by this Consent Decree, and for the duration of the Consent Decree plus two years following its expiration, retain the records of completion and a copy of all training materials distributed or used by Defendant during that training.

(27)   During the duration of this Consent Decree and for two years following its expiration, Defendant shall memorialize and retain all complaints of harassment or discrimination allegedly based on a disability; or of alleged failure to provide a reasonable accommodation; and all records of investigation, including but not limited to witness identities and witness statements, all findings, and all records of final action such as warning, discipline, fine, or termination.  This shall be done whether or not the complaint was made in writing, whether or not the complaint was made internally or to a government authority, and whether or not the complaining employees explicitly characterized their allegations as violations of the ADA.

(28)   No recordkeeping requirement in this Consent Decree shall supersede any record creation or record preservation requirement imposed by law, but will be in addition to those requirements.

## REPORTING AND MONITORING

(29)   **Preliminary Reporting**.  Within two hundred ten (210) calendar days of the Effective Date, Defendant shall provide the EEOC with the following:

 (i)   Verification that the posters and Notice have been posted;

 (ii)   Verification of employee attendance, by name and job title, for all training completed; and

 (iii)   Verification of all employees, by name and job title, who attained passing scores.

(30)   **Periodic Reporting.**  For the duration of this Consent Decree, on an annual basis, beginning one year from the Effective Date, Defendant shall prepare a report which will identify all current or former employees who complained (internally or externally) of or reported any discrimination in employment on the basis actual or perceived disability during the preceding year.  This report will include, at minimum, each employee's name; home address; home telephone number; date the complaint was made; nature of the individual's complaint; to whom the complaint was made or with whom filed (e.g., Defendant's union(s), the EEOC,

or any Fair Employment Practice Agency tasked with accepting discrimination charges); any investigation and/or action taken in response to said complaints. If no individuals complain of or report discrimination in employment on the basis of disability during the previous year, Defendant shall inform the EEOC of the same. With each report, Defendant shall submit this data in electronic form where available, and otherwise in hard copy form. The annual reports contemplated in this paragraph shall be submitted no later than thirty (30) calendar days after the close of each reporting period.

(31)   At reasonable times and with prior notice, the EEOC may monitor compliance during the duration of this Consent Decree by inspecting any covered workplace for records and interviews with employees who have alleged harassment, retaliation or discrimination based on a disability or an alleged failure to provide a reasonable accommodation. Reasonable notice shall be thirty (30) calendar days or more. Upon request by the EEOC, Defendant will make available for inspection and copying any such records. Defendant shall comply with a request for additional records required to be retained under the terms set forth in this Consent Decree within thirty (30) calendar days of the request.

## DISPUTE RESOLUTION

(32)   In the event the Commission believes Defendant has failed to comply

with any provision of this Consent Decree, the Commission shall:

      a.      Notify Defendant in writing of the alleged non-compliance by email and regular U.S. mail.  Defendant shall within thirty (30) calendar days of service of the written notice respond to the allegations of non-compliance by email and regular U.S. mail addressed to Trial Attorney David Staudt in accordance with the paragraph below; and

      b.      Afford Defendant at least thirty (30) calendar days after service of the written notice to remedy the alleged non-compliance.

      c.      If Defendant fails to cure the non-compliance, the Commission may initiate an action to enforce the provision in the Consent Decree.

(33)    All materials required by this Consent Decree to be sent to the EEOC shall be emailed and/or addressed to:

> Equal Employment Opportunity Commission
> Baltimore Field Office
> Attention:  David Staudt, Senior Trial Attorney
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201
> Email: David.Staudt@eeoc.gov

(34)    The Commission and Defendant shall bear their own costs and attorneys' fees.

(35)    The undersigned counsel of record in the above-captioned action

hereby consent, on behalf of their respective clients and with their clients' authority, to the entry of the foregoing Consent Decree.

FOR PLAINTIFF:

Gwendolyn Reams
General Counsel (Acting)

*Debra M. Lawrence*
Debra M. Lawrence
Regional Attorney

David J Staudt *Digitally signed by David J Staudt Date: 2022.07.18 12:32:53 -04'00'*
David J. Staudt (Bar ID 94299)
Trial Attorney
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6693
david.staudt@eeoc.gov

/s/ Ashley M. Martin
Ashley M. Martin (Bar ID 313607)
Trial Attorney
Washington, DC, Field Office
131 M St. NE, Suite 4NW02F
Washington, DC 20507
ashley.martin@eeoc.gov

Counsel for Plaintiff Equal Employment Opportunity Commission

FOR DEFENDANT:

*Lisa Smith Presta*
Lisa Smith Presta, Esq. (Bar ID 65527)
MacDonald, Illig, Jones & Britton LLP
100 State Street, Suite 700
Erie, PA 16507-1459
Office: (814) 870-7656
Fax: (814) 454-4647
Email: lpresta@mijb.com

Counsel for Defendant Gas Field Specialists, Inc.

**SO ORDERED.**

Signed and entered this 2nd day of August, 2022.

                                                */S/ CHRISTOPHER C. CONNER*
                                                CHRISTOPHER C. CONNER
                                                UNITED STATES DISTRICT JUDGE

# ATTACHMENT A

# ATTACHMENT A



# NOTICE TO ALL EMPLOYEES

The Americans with Disabilities Act prohibits employment discrimination based on having a disability, or having a history of a disability. Unlawful discrimination can take the form of harassment based on a disability or retaliating against individuals who have complained of or opposed discrimination. Therefore, in accordance with the applicable law:

GAS FIELD SPECIALISTS WILL NOT engage in any conduct that is unlawful under THE ADA.

GAS FIELD SPECIALISTS WILL NOT tolerate offensive conduct or based on persons' disabilities the workplace.

GAS FIELD SPECIALISTS WILL NOT retaliate against employees for complaining of or opposing discrimination against themselves, other GFS employees, or any person visiting our places of business.

Gas Field Specialists's policies provide that persons who believe that they have been subjected to unlawful discrimination may report it to any owner or officer of GFS, by calling Derek Ross at East Coast Risk Management at 724-978-7775, or by visiting the Human Resources office.  GFS will thoroughly investigate all such complaints with due regard for the privacy of the individuals involved. Anyone who retaliates against an employee who has complained of discrimination shall be subject to immediate disciplinary action, up to and including discharge.

_____
Greg West
President
Gas Field Specialists, Inc.

Date Posted: _____

This Notice is being posted as part of the resolution of a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Gas Field Specialists, Inc. in the United States District Court for the Middle District of Pennsylvania.  .

The following state and federal agencies can provide further information about the workplace rights of employees with disabilities:

Equal Employment Opportunity Commission
William S. Moorehead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA  15222
1-800-669-400  www.eeoc.gov

Pennsylvania Human Relations Commission
333 Market Street, 8th Floor
Harrisburg, PA  17101-2210
(717) 787-9780  www.phrc.pa.gov